UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ZAVODSKY,

       Plaintiff,

v.

BARBARA S. SAMPSON, STEPHEN DEBOER,
JOHN SULLIVAN, JODI DEANGELO,
DAVID KLEINHARDT, JANE DOE(S) I-IV,
JOHN DOE(S) I-II, KYM L. WORTHY, and
MARGARET RYNIER,

       Defendants.

_____/

CASE NO. 11-11413
HON. GEORGE CARAM STEEH

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME,
BUT DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

    This matter is pending before the Court on (1) Plaintiff's motion for reconsideration of the order dismissing his civil rights complaint and (2) Plaintiff's motion to extend the time for filing a brief in support of his motion for reconsideration. Plaintiff is a state prisoner at West Shoreline Correctional Facility in Muskegon Heights, Michigan. The defendants are or were prosecutors or members of the Michigan Parole Board.

    Plaintiff filed his *pro se* civil rights complaint on April 4, 2011. The complaint challenged the Michigan Parole Board's decision to rescind its notice releasing Plaintiff on parole. Plaintiff alleged that (1) he had a legitimate expectation of release on parole, (2) the defendants conspired to violate his rights, (3) the decision to rescind parole was cruel and unusual punishment, and (4) the defendants violated his right to due process

of law when they suspended his parole release date.  The Court summarily dismissed the complaint on grounds that the defendants were entitled to immunity from a suit for money damages and that Plaintiff's request for injunctive relief was not cognizable in a civil rights action because it challenged the fact or duration of his confinement and would have been more appropriate in a habeas corpus petition.  The Court also stated that there was no constitutional right to parole, that the denial of parole did not constitute cruel and unusual punishment, and that Plaintiff's conspiracy claim was vague, conclusory, and unsupported by the evidence.

Plaintiff alleges in his motion for reconsideration that the Court committed a palpable error (1) by concluding that his allegations would be more appropriate in a habeas corpus petition, (2) by not providing him with an opportunity to amend the complaint before summarily dismissing it, and (3) by certifying that an appeal would be frivolous and could not taken in good faith.  In his motion for an extension of time, filed on May 27, 2011, Plaintiff requests a fourteen-day extension of time to submit a brief in support of his motion for reconsideration.

Plaintiff's motion for an extension of time is **GRANTED**, and because Petitioner has already filed the brief, the Court has taken it into consideration.  For the reasons given below, however, the motion for reconsideration is **DENIED**.

### I.  Standard of Review

A motion for reconsideration is governed by this District's local rules, which require the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. United*

*States Securities and Exchange Commission*, __ F.3d __, __, Nos. 09-2117, 09-2570, 10-1477, and 10-1837, 2011 WL 3890226, at *7 (6th Cir. Sept. 6, 2011) (citing what is now E.D. Mich. Local Rule 7.1(h)(3)).  "The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration." *Id.*  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E. D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E. D. Mich. 2001)).

## II.  Discussion

### A.  The Failure to Provide an Opportunity to Amend the Complaint

Plaintiff alleges that the Court committed a palpable error by summarily dismissing his complaint and by not providing him with an opportunity to amend the complaint before dismissing it.  As explained in the order of dismissal, however, "[a] district court is required to screen all civil cases brought by prisoners," *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), and may dismiss a complaint "before docketing if feasible, if the court concludes that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief." *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001).  And in this Circuit, federal district courts may not permit indigent prisoners to amend their complaints to avoid *sua sponte* dismissal of a complaint under §§ 1915(e)(2) and 1915A.  *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999); *McGore,* 114 F.3d at 612.  Consequently, the Court did not err in

summarily dismissing Plaintiff's complaint without affording him an opportunity to amend the complaint.

### B. The Court's Reliance on *Heck v. Humphrey*

Plaintiff alleges next that the Court erred by concluding that his request for injunctive relief would be more appropriate in a habeas corpus petition because he was challenging the fact or duration of his confinement. Plaintiff maintains that the Court should not have applied the habeas bar set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), because he is challenging the procedures used by the prosecutor to rescind his parole, not the fact or duration of his confinement. Specifically, he claims that the prosecutor circumvented established procedures (1) by seeking reconsideration of the Parole Board's notice granting Plaintiff release on parole instead of appealing that decision and (2) by failing to provide the Parole Board with new information and failing to establish "cause" for rescinding parole.

> The favorable-termination rule of *Heck v. Humphrey* provides:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-487 (footnote omitted).

Petitioner correctly points out that "§ 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)

(emphasis in original). In other words, "habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement." *Id.*

Even if the Court erred by applying *Heck* and *Dotson* to this case, Plaintiff had no constitutional or inherent right to release on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), and no right to parole under state law, *Morales v. Mich. Parole Bd.,* 260 Mich. App. 29, 39 (2003). "A parole order may be rescinded at the discretion of the parole board for cause before the prisoner is released on parole." Mich. Comp. Laws § 791.236(2). Because state parole officials had the right to rescind the parole notice before it became effective, Plaintiff had no constitutionally protected liberty interest in the decision to release him on parole. *Jago v. Van Curen*, 454 U.S. 14, 17 (1981). His "expectation of release was no more than a unilateral one and no due process rights attached." *Id.* at 23 (Blackmun, J., concurring).

In conclusion, Plaintiff's claims that he had a legitimate expectation in release on parole and that the defendants violated his right to due process lack merit. Therefore, even if the Court made a palpable error in relying on *Heck* and *Dotson*, correcting the error does not require a different disposition of the case.[1]

### C. The Certification under 28 U.S.C. § 1915(a)(3)

Finally, Plaintiff alleges that the Court erred by certifying that an appeal from the Court's decision would be frivolous and could not be taken in good faith. Section

---

[1] Plaintiff has not contested the portion of Court's dispositive opinion dismissing his conspiracy and Eighth Amendment claims.


1915(a)(3) of Title 28, United States Code, provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Although prisoners must pay the full filing fee for their civil actions and appeals, 28 U.S.C. § 1915(b)(1), the Court of Appeals for the Sixth Circuit has encouraged District Courts to make a certification under § 1915(a)(3) in all cases filed by prisoners seeking leave to proceed *in forma pauperis* on appeal.  See *McGore*, 114 F.3d at 611.  "Failure to issue a § 1915(a)(3) certification may result in a remand." *Id.*

The Court determined in its dispositive opinion that Plaintiff's claims were frivolous and failed to state a claim.  He sued parole board members and prosecutors, all of whom enjoy immunity from a suit for money damages.  See *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011) (prosecutors); *Hilliard v. Williams,* 465 F.2d 1212, 1217 (6th Cir. 1972) (quoting *McCray v. Maryland*, 456 F.2d 1,3 (4th Cir. 1972) (parole board members).  He also had no constitutional right to release on parole, *Greenholtz,* 442 U.S. at 7, or a protected liberty interest in parole, which would entitle him to claim a right to due process.  *Wagner v. Gilligan*, 609 F.2d 866, 867 (6th Cir. 1979) (*per curiam*).   In addition, the "[d]enial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment," *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992), and Plaintiff's conspiracy claim lacked merit because he did not demonstrate "both membership in a protected class and discrimination on account of it."  *Estate of Smithers ex rel. Norris v. Flint*, 602 F.3d 758, 765 (6th Cir. 2010).  The Court therefore did not err in certifying that an appeal would be frivolous and could not be taken in good faith.

That said, Plaintiff is not required to prepay the filing fee if he wishes to appeal

this Court's dispositive opinion and judgment. He may proceed on an installment basis if he provides the Court with an affidavit of indigence and a certified summary of his trust fund account for the previous six months. 28 U.S.C. §§ 1915(a)(2) and 1915(b)(1)-(2).

### III.  Conclusion

For the reasons given above, the Court concludes that it did not commit a palpable defect when summarily dismissing Plaintiff's complaint and, even if it did, correcting the error does not require a different disposition of the case. Accordingly, the motion and brief for reconsideration [dkt. #11, #12, and #13] are **DENIED**. As noted, the "motion instanter to extend time" to file a brief [dkt. #10] is **GRANTED**.

Dated:  November 7, 2011

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 7, 2011, by electronic and/or ordinary mail and also to Jason Zavodsky at West Shoreline Correctional Facility, 2500 W. Sheridan Drive, Muskegon Heights, MI 49444.

S/Josephine Chaffee  
Deputy Clerk

---